**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

LAUSTEVEION JOHNSON,

    Plaintiff,

v.

LAW LIBRARY, et al.,

    Defendants.

Case No. 2:17-cv-01280-JCM-BNW

**ORDER**

Presently before this court is Plaintiff's motion to compel discovery. ECF No. 32. Defendants responded (ECF No. 34) and also requested a protective order. ECF No. 35. Plaintiff filed a reply to his motion to compel and a response to Defendants' motion for protective order. ECF Nos. 36 and 37. Defendants replied to their motion for a protective order. ECF No. 42.

**I.      Procedural and Factual Background**

Plaintiff seeks responses to interrogatories. Plaintiff and Defendants have corresponded regarding the propriety of Plaintiff's requests. Originally, on June 23, 2019, Plaintiff served interrogatories which included the following questions: (1) "Have you ever spoken to Plaintiff about your sex life?," and (2) "Have you ever told Plaintiff that you were not having sex with multiple staff members at SDCC?" ECF No. 34-1. Defendants objected to these questions on relevance grounds and stated they were harassing in nature. ECF No. 34-2. In turn, they asked Plaintiff to modify his requests. *Id*. Plaintiff modified the request on August 12, 2019 by asking: "Smith, did you have a romantic relationship with Officer Rodrigo Espino?" ECF No. 34-3. Despite the modifications, Defendants still object to this question by stating that it is not relevant

to Plaintiff's claim and it is inappropriate. ECF No. 34-4. In his motion, Plaintiff appears to be requesting that this court compel answers to all of the questions in the interrogatories sent to Defendants. ECF No. 32. As to the first set of questions sent on June 23, 2019, Plaintiff seems to be explaining that they refer to "sexual advances that Rashonda Smith made toward Plaintiff that Plaintiff rejected." *Id.* at 2. Defendants oppose the request by arguing that the questions are not relevant and point this court to other cases in which the courts have denied Plaintiff relief. ECF No. 34. Plaintiff's reply reiterates some of the same points made in his motion to compel. ECF No. 36.

Defendants simultaneously request a protective order as to matters involving Defendant Smith's romantic relationship on the basis that it is harassing and a violation of her privacy. ECF No. 35. In addition, they argue that this information could be misused within the prison environment and undermine or compromise Defendant Smith's position in her workplace, suggest an improper relationship, or be used by other inmates to harass and embarrass her. *Id.* Plaintiff responds by stating that while answering certain questions may be embarrassing, the answers are relevant and he would be prejudiced by not receiving an answer. ECF No. 37. Defendants' reply reiterates the same arguments made in their motion for a protective order. ECF No. 42.

**II.    Analysis Under Fed. R. Civ. P. 37 and 26**

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *See U.S. E.E.O.C. v. Caesars Entertainment,* 237 F.R.D. 428, 432 (D. Nev. 2006).

Federal Rule of Civil Procedure 26(c) governs motions for protective orders. In pertinent part, Rule 26(c) empowers the court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . [f]orbidding the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(D). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that

will result from the discovery." *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). The rule requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *U.S. Equal Emp't Opportunity Comm'n v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006). Federal courts generally recognize a constitutionally-based right of privacy that may be asserted in response to discovery requests. *Johnson ex rel. Johnson v. Thompson*, 971 F.2d 1487, 1497 (9th Cir. 1992). "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). The privacy objection also "must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations . . . ." *Id*. at 621. If the court finds that a protective order is appropriate, it may forbid the disclosure, forbid inquiry into certain matters, specify the terms for discovery, or limit the scope of discovery. Fed. R. Civ. P. 26(c)(1).

   The essence of Plaintiff's retaliation claim is that after he filed grievances against Defendant Smith, Defendant Smith started retaliating against him by not providing him legal supplies, not allowing him access to the library, and not making necessary copies of documents in connection with other cases. Plaintiff also alleges that the notice of charges ("write up") instituted by Defendant Smith (on the same date Plaintiff filed the instant complaint) was also retaliatory in nature (just like the finding of guilt during that proceeding). Plaintiff alleges that Defendant Smith told Defendant Espino to find him guilty during that hearing. During the screening process, Magistrate Judge Leen found Plaintiff made a colorable claim as to the chilling of his First Amendment rights, which included Defendant Espino finding Plaintiff guilty of charges in retaliation for Plaintiff's lawsuits. *See* ECF No. 4 at 5, ECF No. 10 at 3.

   Here, Plaintiff alleges that part of the retaliatory conduct includes Defendant Smith calling Defendant Espino to tell him to find Plaintiff guilty. Fed. R. Civ. P. 33 allows for interrogatories so long as they relate to any matter than can be inquired into under Fed. R. Civ. P. 26(b). In turn, Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense so long as it is proportional to the needs of the case. Courts have defined "relevant" to encompass any matter that bears on, or that reasonably could

lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

   **i.**   **"Smith, did you have a romantic relationship with Officer Rodrigo Espino?"**

  Plaintiff's question, which attempts to decipher if there was a romantic relationship between Defendants Smith and Espino, is relevant in two ways: (1) it bears on whether Defendant Smith would have called Defendant Espino in relation to the disciplinary hearing to tell him to find Plaintiff guilty, and (2) to the extent Plaintiff can establish such communication, it also bears on whether Defendant Espino would have heeded Defendant Smith's request based on this relationship.

  This question is very different from the questions that Plaintiff asked in *Johnson v. Garofalo*, 16-cv-1889-GMN-VCF, a case in which Plaintiff alleges he was denied parole based on incorrect information provided by members of NDOC. The conviction on which he sought parole involved sexual misconduct with an under-aged girl. In that case, Plaintiff served interrogatories on the psychologist tasked with determining whether he would re-offend for purposes of evaluating parole. Plaintiff asked the psychologist whether she had daughters and whether she had been sexually assaulted. The court found that those questions did not relate to the substance of the case. *Id*. at ECF No. 120. In contrast, whether Defendant Smith was having a romantic relationship with Defendant Espino relates to the substance of the case for the reasons detailed above. Irrespective of whether Plaintiff has been found to be a vexatious litigant, this court must make its decisions based on the facts and law applicable to each case.

  Next, the court addresses the privacy right asserted by Defendant Smith. The question at hand is not particularly probing in nature—it does not ask any specifics as to her sexual relationship with Defendant Espino. Instead, it simply asks whether they were in a romantic relationship. The court must balance the need for the information sought against the privacy right asserted. In this particular case, the balance strikes in favor of Plaintiff. This court has already explained why the information is relevant. As to prejudice, it is not clear how a response to this question (affirming or denying) would compromise Defendant Smith's position in her workplace

or be used to harass and embarrass her. It bears repeating that the question at hand is quite discreet.

Here, Defendant Smith has not met her burden to show why a response to this question should be denied under Fed. R. Civ. P. 37(a). Neither has Defendant Smith shown good cause for a protective order under Fed. R. Civ. P. 26. As a result, Defendant Smith must answer whether she had a romantic relationship with Defendant Espino on or about January 23, 2017 (the date on which the disciplinary hearing was conducted).

### ii. "Have you ever spoken to Plaintiff about your sex life?" and "Have you ever told Plaintiff that you were not having sex with multiple staff members at SDCC?"

Turning to the questions posed on June 23, 2019, these are not relevant as worded. Whether Defendant Smith spoke to Plaintiff about her sex life and whether she was having sexual relationships with multiple members at SDCC does not bear on the issue of retaliation. While Plaintiff seems to suggest that these questions were geared at whether Defendant Smith made any sexual advances toward Plaintiff, that is not what the questions ask. As phrased, the court agrees with Defendant Smith that the questions are irrelevant and would simply embarrass her. As a result, Defendant Smith has met her burden of establishing that the answers to these questions are not relevant and she will not be compelled to answer them. For the same reasons, Defendant Smith has met her burden of showing good cause for this court to issue a protective order related to these questions.

### III. Analysis under Fed. R. Civ. P 33

Lastly, to address Plaintiff's argument, Defendants have not waived their right to object to ECF No. 32. Fed. R. Civ. P 33(b)(2) allows the party 30 days to either respond or object to the questions asked. Plaintiff sent its first request on June 23, 2019, and Defendants objected within 30 days. ECF Nos. 34-1 and 34-2. As to the second request, Plaintiff sent it on August 12, 2019 and Defendants responded within 30 days. ECF Nos. 34-3 and 34-4. In addition, Defendants objections were specific and complied with Fed. R. Civ. P. 33(b)(4). As a result, Defendants did not waive their objections. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (ECF No. 32) is GRANTED in part and DENIED in part. It is granted to the extent that Defendant Smith must answer all questions in the June 23, 2019, interrogatory except for the two questions discussed above and all of the questions in the August 12, 2019 interrogatory with no exceptions.

**IT IS FURTHER ORDERED** that Defendant Smith shall have 30 days from today's date to respond to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (ECF No. 35) is GRANTED in part and DENIED in part. It is granted to the extent that Defendant Smith does not need to answer the two questions in the June 23, 2019 interrogatories that this court found objectionable. It is denied in all other respects.

**IT IS FURTHER ORDERED** that the hearing set in this case for May 20, 2020 is VACATED in light of this order.

DATED: April 21, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE