UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>                    Plaintiff,<br>    v.<br>LAW LIBRARY, *et al.*,<br>                    Defendants. | Case No. 2:17-cv-01280-JCM-BNW<br><br>ORDER |

       Presently before the court is plaintiff Lausteveion Johnson's ("plaintiff") motion for summary judgment. (ECF No. 43). Defendants Ridrigo Espino ("Espino") and Rashonda Smith ("Smith") (collectively "defendants") filed a response (ECF No. 50), to which plaintiff replied (ECF No. 52).

       Also before the court is defendants' countermotion for summary judgment. (ECF No. 51). Plaintiff filed a response (ECF No. 53), to which defendants replied (ECF No. 54).

**I.    Background**

       The instant § 1983 claim arises from a dispute between plaintiff and Smith, a law librarian at Southern Desert Correctional Center ("SDCC"). (ECF Nos. 6; 10). Plaintiff claims that he was denied access to the courts and that defendants unlawfully retaliated against him. *Id.*

       Plaintiff alleges the dispute stems, at least in part, from him rebuking the Smith's sexual advances. (ECF No. 43 at 2–3). Plaintiff alleges that Smith's conduct toward

plaintiff thereafter "depriv[ed] plaintiff of his rights" and, as a result, he began filing grievances against her. *Id.* at 3. Smith—purportedly scorned by plaintiff and his grievances—retaliated by denying plaintiff access to the law library, placing him on 24-hour lockdown, denying him legal supplies, refusing to make copies of legal documents, withholding certain legal documents, fabricating a notice of charge ("NOC"), and conspiring with Espino to find plaintiff guilty of the fraudulent NOC. *Id.* at 3–4.

Defendants argue that Smith did not simply refuse to provide plaintiff with legal supplies and refused to make copies. (ECF No. 51 at 13, 15). To the contrary, defendants contend that plaintiff was not on the "indigent list." *Id.* at 13. Thus, Smith refused to provide legal supplies *for free*. *Id.* at 13–14. Similarly, plaintiff did not have sufficient funds to make copies, and Smith refused to make copies on that ground alone. *Id.* at 15. Further, defendants argue that plaintiff—both before this court and in his administrative grievances—"failed to provide any date or documentation of being denied access to the law library." *Id.* at 14. Finally, defendants contend that Smith properly filed the NOC against plaintiff pursuant to Operational Procedure ("OP") 722, which "provides that when an inmate makes an appointment to come to the Law Library that is not honored, 'it will result in a NOC (Notice of Charges).'" *Id.* at 7 (quoting ECF No. 51-3 at 15), 15–17.

II. **Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).

2

However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the

3

assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

### III. Discussion

As an initial matter, Federal Rule of Civil Procedure 4(m) required plaintiff to serve defendant Jo Gentry within 90 days of filing his complaint.  Fed. R. Civ. P. 4.  Plaintiff has not done so.  (ECF No. 23 (summons returned unexecuted as to Gentry)).  Plaintiff directs his motion only at defendants Smith and Espino, tacitly abandoning his claims against Gentry.  Accordingly, the court finds that Gentry should be, and hereby is, dismissed from this action.

The court now turns to the instant motions for summary judgment.  After screening his complaint, the court allowed plaintiff to proceed on two claims.  (ECF No. 10).  The first is an access-to-courts claim against Smith, the second is a retaliation claim against both defendants.  The court will address each in turn.

### A. Access-to-courts claim against Smith

Prisoners have a constitutional right to access the courts to litigate non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.  *Lewis v. Casey*,

4

518 U.S. 343, 346, 353 n.3, 354–55 (1996).  However, the right to access the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Thus, to prevail on an access-to-courts claim, plaintiff must describe both "the underlying cause of action and its lost remedy." *Id.* at 416.  However, delays in providing legal assistance of materials that "are the product of prison regulations reasonably related to legitimate penological interests . . . are not of constitutional significance, even where they result in actual injury." *Lewis*, 518 U.S. at 362.

Defendants argue that plaintiff has failed to adduce sufficient evidence to establish that Smith unconstitutionally denied him access to the courts.  (ECF No. 51 at 18–19).  First, defendants argue that plaintiff does not sufficiently allege or prove that he missed a deadline in another case:

> Johnson alleges that he missed a deadline, but does not provide any information further than that. Johnson has not provided the case number for the case in which he alleges he missed a deadline nor has he provided any information related to that case. Johnson alleges that he was unable to make copies of documents that would have won him the case, but he never indicates what those documents were. Johnson has not established any actual injury, he has only generally alleged as much.

*Id.* at 18.  Further, defendants contend that any delay in providing plaintiff with legal materials was the product of a prison regulation—requiring non-indigent inmates to pay for such materials—that is reasonably related to legitimate penological interests.  *Id.*  Finally, defendants aver that Smith did not retaliatorily place plaintiff on 24-hour lockdown because there was an institution-wide lockdown from December 28, 2016, through January 3, 2017.  *Id.* at 19.

The court acknowledges that petitioner filed this action pro se, and "the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater latitude as a matter of judicial discretion." *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998).  On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).  Indeed, "*pro se* litigants in an ordinary civil case should not be treated more favorably

5

than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Thus, pro se litigants must still "comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel.").

Accordingly, plaintiff—although he appears pro se—must produce evidence to support his claims if he is to survive summary judgment. First, the court notes that the discovery disputes plaintiff complains of (*see* ECF No. 43 at 1) have been resolved (ECF No. 49). And plaintiff produces several hundred pages of exhibits to support his claims. (*See* ECF Nos. 43; 53-1).

The court finds that plaintiff's evidence does not support his claims. Plaintiff provides only his administrative grievances and the responses thereto. (*See generally* ECF Nos. 43; 53-1). Several responses indicate that he failed to produce evidence to support his complaints. (*See, e.g.,* ECF No. 43 at 31–33, 59, 70–71, 85, 92, 102, 105, 107). Other responses clearly explain the reason for the complained-of conduct. *See, e.g., id.* at 45–46, 70–72, 92, 95, 98).

Plaintiff has not produced evidence of his underlying cause of action or his lost remedy. The grievances and defendants' responses clearly establish that any denial of plaintiff's access to courts was the result of prison regulations, all of which are reasonably related to the legitimate penological interest of providing legal services to the entirety of SDCC. Such denials and delays are not of a constitutional significance, and plaintiff has not adduced evidence otherwise.

Accordingly, the court grants defendants' motion and denies plaintiff's motion as to this claim.

**B.  Retaliation claim against both defendants**

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

6

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567–68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568–69.

To the extent plaintiff's claim alleges that the conduct purportedly denying him access to the court was retaliatory, the court's analysis is coterminous with the discussion of plaintiff's access-to-courts claim. Summary judgment in defendants' is appropriate as to those claims.

The remaining basis of plaintiff's retaliation claim is that Smith filed a fraudulent NOC against him and then conspired with Espino, who held a hearing on the NOC, to find him guilty thereof. (ECF No. 43). Plaintiff alleges, without providing further proof, that Smith called Espino during the NOC hearing and ordered him to find plaintiff guilty. *Id.* at 7. However, defendants argue that plaintiff was properly cited for failing to appear for his scheduled law library appointment pursuant to attachment C to OP 722. (ECF No. 51 at 16). Plaintiff provides no evidence to contravene this argument.

Accordingly, plaintiff has failed to prove that defendants took some adverse action against him because he filed grievances, which is First Amendment protected activity. Instead, the evidence conclusively establishes that plaintiff was charged with and found guilty of the NOC for violating OP 722. The court grants summary judgment in defendants' favor as to this claim.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 43) be, and the same hereby is, DENIED.

7

IT IS FURTHER ORDERED that defendants' countermotion for summary judgment (ECF No. 51) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Jo Gentry be, and the same hereby is, DISMISSED from this action.

The clerk is instructed to enter judgment and close the case accordingly.

DATED July 13, 2020.

_____
UNITED STATES DISTRICT JUDGE